## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### Kansas City

| | |
|---|---|
| **In re:** ) <br> ) <br> ) <br> **AMANDA GAYLE SMITH** ) <br> ) <br> ) <br> **Debtor,** ) <br> _____ ) <br> **PERFORMANCE FINANCE** ) <br> ) <br> ) <br> **Creditor.** ) | **Case No. 23-41063** <br> **Chapter 13** |

### OBJECTION TO MOTION TO EXTEND AUTOMATIC STAY

**COMES NOW** Performance Finance, its subsidiaries, affiliates, predecessors in interest, successors, and assigns ("Creditor"), by and through its attorneys, Pamela R. Putnam, and the law firm of Armstrong Teasdale LLP, and in support of its Objection states as follows:

1. Debtor filed for relief under Chapter 13 of the Bankruptcy Code in the present case on August 3, 2023.

2. Debtor filed a prior Chapter 13 bankruptcy, case #22-40882, on July 22, 2022 ("Prior Case") which was dismissed on July 17, 2023, for default in plan payments.

3. 11 U.S.C. §362(c)(3)(A) provides that because the Debtor had a previous case pending within one year prior to filing the current case, the automatic stay in the current case terminates thirty days after the petition date because it is presumptively filed in bad faith.

4. On August 8, 2023, the Debtor filed a Motion to Extend the Automatic Stay Under 362(c)(3) ("the Motion") alleging that the case was filed in good faith. To support her motion, the

Debtor first claims that during the Prior Case, she had to spend $5,000 on car repairs which caused her to miss plan payments.

5. The Debtor owns three vehicles which were proposed to be paid through the plan in the Prior case and that she is again proposing to pay through the plan in the current case. The vehicles are described in Section 3.2 of the Plan:

    a. 2021 Chevrolet Silverado; debt $43,600.00; value $40,875

    b. 2015 Hyundai Sonata; debt $14,271.71; value $4,750

    c. 2021 Polaris RZR (ATV); debt $14,868.00; value $19,350

6. The total debt owed on the three vehicles, according to Debtor's plan, is $72,739.71.

7. The Debtor lists her employment in the schedules as a staff accountant. There is no explanation in any of the pleadings in this case, or in the Prior case, as to why the Debtor needs three vehicles, one of which is a "recreational" vehicle.

8. It's unclear in the Motion and supporting affidavit as to which vehicle "broke down" and "required" $5,000.00 in repairs. Regardless, it seems as though it would have been in the best interest of all parties for the Debtor to surrender that vehicle, drive her "extra" vehicle instead, and remain current with her plan payments.

9. The Debtor provides no explanation in the Motion as to what will happen if one of the three vehicles requires repairs during the pendency of the current case.

10. There is little to no equity in any of the three vehicles and three vehicles are not necessary for an effective reorganization. The Debtor is a below median Debtor and failed to make timely plan payment in the Prior Case.

11. Debtor's second justification for an extension of the stay, per the Motion, is that she has moved in with a roommate and reduced her expenses. This is not supported by the pleadings.

12. In the Prior Case, the Debtor disclosed in Schedule J of her Petition, filed on July 22, 2022, that her monthly expenses were $1,486.00. On September 2, 2022, she filed an amended Schedule J which decreased her monthly expenses to $1,321.00. The monthly expenses disclosed in the Petition for the current case, filed on August 2, 2023, are $2,677.74, more than double the expenses listed in the Prior Case.

13. In the Prior Case, the Debtor listed $0.00 for "rental or home ownership expenses for your residence" but in the current case, this line item shows a $500.00 expense.

14. Again, the Debtor stated, in her Affidavit to Support Motion to Extend Automatic Stay, that "I have moved in with a roommate which has reduced my expenses and I am now able to make the required plan payment." It appears that the opposite is true. She has not moved since the Prior Case and she has not lowered her expenses, but instead, doubled them.

15. The Debtor has failed to rebut the presumption, by clear and convincing evidence, that this case was filed in bad faith pursuant to §362(c)(3)(C).

**WHEREFORE**, for the foregoing reasons, Creditor respectfully requests that this Court enter an Order denying the Debtor's Motion to Extend the Automatic Stay Under 11 USC 362(c)(3), and for such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

*/s/ Pamela R. Putnam*
Pamela R. Putnam #61158 pputnam@atllp.com
Armstrong Teasdale LLP
2345 Grand Blvd., Ste. 1500
Kansas City, MO 64108
Phone: (816) 221-3420
Fax: (816) 221-0786
ATTORNEYS FOR CREDITOR

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on this 9th day of August 2023, a true and correct copy of the above and forgoing was served either through the Court's ECF system or deposited in the United States Mail, postage prepaid, addressed to the following:

Richard Fink
2345 Grand Blvd., Ste 1200
Kansas City, Missouri 64108
Chapter 13 Trustee

Chelsea S. Williamson
WM Law
15095 W. 116th St.
Olathe, KS 66062

Office of the U.S. Trustee
400 E. 9th Street, Suite 3440
Kansas City, MO 64106

Amanda Gayle Smith
46495 E Hwy PP
Braymer, MO 64624

*/s/ Pamela R. Putnam*
Attorney for Creditor